UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RUBEN ROSADO,** | Civil Action No. 25-18862 (ZNQ) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

**<u>QURAISHI, District Judge</u>**

    This matter comes before the Court on a motion to vacate sentence filed by Petitioner Ruben Rosado pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, this Court is required to preliminarily review Petitioner's motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

    By way of background, following a string of bank robberies, Petitioner pled guilty to conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and the possession and brandishing of a firearm during said armed bank robberies in violation of 18 U.S.C. § 924(c) in late 2008. *See Rosado v. United States*, No. 19-17220, 2022 WL 3273908, at *1-2 (D.N.J. Aug. 11, 2022). He was ultimately sentenced to a total term of 334 months' imprisonment in January 2010. *Id.* at *2. Petitioner did not appeal, but filed a first motion to vacate his sentence in 2015, which was dismissed as untimely filed. *Id.* In August 2019, after securing permission from the United States Court of Appeals for the Third Circuit, Petitioner filed a second motion to vacate sentence challenging his § 924(c)

1

conviction in light of recent Supreme Court precedent. *Id.* at *2-3. This second motion was also denied on the merits because Petitioner's § 924(c) charge was premised on his bank robbery conviction, and that bank robbery was clearly a crime of violence sufficient to support his § 924(c) conviction under binding Third Circuit caselaw. *Id.* at *3-7. In his new motion to vacate sentence, however, Petitioner argues that he should again be permitted to reassert his challenge to his § 924(c) conviction because of a 2024 D.C. Circuit decision reaching a different conclusion from the Third Circuit. (*See* ECF No. 1.) Petitioner does not appear to have sought and certainly has not obtained leave from the Court of Appeals to file this motion to vacate sentence. (*Id.*)

Under 28 U.S.C. § 2255(h), a second or successive motion to vacate sentence may not be brought in this Court unless the successive motion has been certified by the appropriate court of appeals to contain a claim asserting newly discovered evidence sufficient to warrant a finding that no reasonable juror could have convicted the petitioner had that evidence been provided at trial, or a claim which asserts a right based on a new rule of constitutional law made retroactive to collateral review by the Supreme Court which was previously unavailable. A habeas petitioner seeking to pursue a second or successive motion to vacate sentence must therefore file a petition for leave with the appropriate court of appeals, in this case the Third Circuit, and be granted leave by that appellate court *before* filing in this Court. *See* 28 U.S.C. § 2244(b)(3). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Brand v. New Jersey*, No. 15-3206, 2015 WL 2353123, at *2 (D.N.J. May 14, 2015) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).

Here, Petitioner has two prior motions to vacate sentence, one of which was dismissed as untimely, and another which was denied on the merits. Petitioner's current motion is therefore

clearly a successive motion to vacate sentence over which this Court lacks jurisdiction absent authorization from the Court of Appeals for the filing of a successive motion to vacate sentence. *See, e.g., In re Edwards*, 98 F.4th 425, 436 (3d Cir. 2024) (district court "may not consider" a successive motion to vacate sentence filed without certification from the Court of Appeals). As Petitioner has neither sought nor been granted leave by the Court of Appeals, this Court must dismiss his motion to vacate sentence for lack of jurisdiction.[1]

In his motion to vacate sentence, Petitioner also asserts, however, that if § 2255 is not available to him, he should alternatively be permitted to pursue relief under § 2241 pursuant to the Third Circuit's prior decision in *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), *abrogated by Jones v. Hendrix*, 599 U.S. 465 (2023). As the Third Circuit explained in *Edwards*, however, the Supreme Court "definitively foreclosed" this argument when it overturned and abrogated *Dorsainvil* and its progeny in *Hendrix*. 98 F.4th at 436. A convicted federal prisoner may not resort to § 2241 when his challenge to his conviction is barred by the procedural rules which apply to § 2255 motions, such as the bar on successive motions to vacate sentence. *Id.* Petitioner may therefore not use § 2241, and his current motion remains a successive motion to vacate sentence over which this Court lacks jurisdiction unless and until Petitioner is granted leave to file such a motion by the Third Circuit Court of Appeals.

---

[1] Although this Court may alternatively transfer a successive motion filed without leave to the Court of Appeals for approval, such a transfer is only warranted where the petition at least prima facie meets the requirements of 28 U.S.C. § 2255(h) – either by presenting new evidence that could not previously have been discovered or presenting a claim based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). Petitioner's motion does not rely on a new rule of constitutional law or new evidence, and instead relies solely on a D.C. Circuit decision which is contrary to binding Third Circuit decisions. Petitioner's current filing thus does not warrant a transfer as it does not even prima facie meet the requirements of § 2255(h).

In conclusion, Petitioner's motion to vacate sentence (ECF No. 1) is **DISMISSED WITHOUT PREJUDIUCE** for lack of jurisdiction as it is a successive motion to vacate sentence brought without leave of the Third Circuit Court of Appeals. An appropriate order follows.

Date: January 7, 2026

                                                      s/ Zahid N. Quraishi
                                           **ZAHID N. QURAISHI**
                                           **UNITED STATES DISTRICT JUDGE**