**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RUBEN ROSADO,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

Civil Action No. 25-18862 (ZNQ)

**MEMORANDUM ORDER**

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Ruben Rosado's motion filed pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 6) seeking to vacate this Court's Order (ECF No. 3) dismissing his motion to vacate sentence in this matter as a second or successive petition brought without leave of the Court of Appeals. Petitioner filed his motion to vacate sentence on December 19, 2025. (ECF No. 1.) On January 7, 2026, this Court dismissed that motion for lack of jurisdiction under 28 U.S.C. § 2255(h) as Petitioner had had two prior motions to vacate sentence decided on the merits and he had not acquired leave from the Court of Appeals before filing his most recent motion to vacate sentence. (ECF Nos. 2-3.)

Petitioner now seeks to vacate that order. (ECF No. 6.) In his motion, Petitioner argues that this Court did not consider alternative bases for jurisdiction under 28 U.S.C. § 2255(f)(4), the federal question jurisdiction statute, and several rules of criminal procedure, and that he should not be barred from reasserting previously raised claims under 28 U.S.C. § 2244(b)(3) in light of recent Supreme Court caselaw. (*Id.*)

1

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it."  *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987).  While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief form a final judgment for "any . . . reason that justifies relief."  "The standard for granting a Rule 60(b)(6) motion is a high one.  The movant must show 'extraordinary circumstances' to justify reopening a final judgment."  *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536).  "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'"  *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

In his motion, Petitioner first asserts that this Court did not consider alternative bases for jurisdiction in dismissing his motion to vacate sentence.  Petitioner identifies as alternative bases 28 U.S.C. § 2255(f)(4), 28 U.S.C. § 1331, and two portions of Rule 12 of the Federal Rules of Criminal Procedure.  A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 "is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016).  In adopting § 2255, Congress placed certain express limitations on a federal prisoner's ability to challenge his conviction or sentence – specifically a one year statute of limitations under 28 U.S.C. § 2255(f), and a limit on the filing of second or successive motions to vacate sentence after an initial motion

2

is denied on the merits pursuant to 28 U.S.C. § 2255(h).  Section 2255(h) explicitly requires that a petitioner seek and receive certification from the appropriate court of appeals *before* filing a successive motion to vacate sentence in the district court.  "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  *Brand v. New Jersey*, No. 15-3206, 2015 WL 2353123, at \*2 (D.N.J. May 14, 2015) (quoting *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)); *see also In re Edwards*, 98 F.4th 425, 436 (3d Cir. 2024) (district court "may not consider" a successive motion to vacate sentence filed without certification from the Court of Appeals).

This Court's jurisdiction to consider successive motions to vacate sentence is thus explicitly cabined by the certification process – where no certification is obtained from the appropriate court of appeals, this Court cannot consider a successive motion to vacate sentence, regardless of whether it presents a federal question, as all motions to vacate must.  The Rules of Criminal Procedure, which are inapplicable in section 2255 proceedings, likewise do not provide a basis to evade the explicit bar on second or successive motions to vacate sentence brought without leave.  Likewise, § 2255(f)(4) concerns only the *timeliness* of a claim – it does not provide a basis for jurisdiction in this Court where § 2255(h) and its accompanying statutes explicitly remove such jurisdiction.  This Court therefore did not err in declining to consider these alleged alternative bases for jurisdiction in this matter.  Petitioner filed two prior motions to vacate sentence, and he therefore may not pursue a third in this Court unless and until he seeks and is granted leave by the Court of Appeals.

Finally, Petitioner argues that he believes that this Court improperly barred his motion as it contained a claim previously raised and rejected in his prior motion to vacate sentence.  Although

3

the Supreme Court held in *Bowe v. United States*, 607 U.S. ---, 146 S. Ct. 447, 462-64 (2026), that the bar on hearing claims already raised in a previous habeas matter contained in 28 U.S.C. § 2244(b)(1) did not apply in section 2255 proceedings, did so because that requirement was not contained in section 2255(h)'s bar on second or successive motions to vacate sentence brought without leave. *Bowe* did not in any way change the fact that second or successive motions to vacate sentence brought without leave of the Court of Appeals "may not [be] consider[ed]" by this Court unless and until the petitioner seeks and obtains leave from the Court of Appeals. *Edwards*, 98 F.4th at 436. This Court did not dismiss Petitioner's successive motion to vacate sentence because it contained a claim previously raised in a prior motion to vacate sentence. Rather, Petitioner's motion is clearly barred because it is a successive motion brought without leave of the Court of Appeals. This Court thus lacks jurisdiction to consider his motion to vacate sentence, *id.*, and this Court therefore did not err in dismissing Petitioner's motion to vacate sentence for lack of jurisdiction. Petitioner has failed to show any basis for relief under Rule 60(b), and his motion is therefore denied.

**IT IS THEREFORE** on this 5th day of March 2026,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order only; it is further

**ORDERED** that Petitioner's Rule 60(b) motion (ECF No. 6) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail and shall **CLOSE** the file.

s/ Zahid N. Quraishi
_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

4