**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RUBEN ROSADO,                           Civil Action No. 25-18862 (ZNQ)

      Petitioner,

      v.                                  **MEMORANDUM ORDER**

UNITED STATES OF AMERICA,

      Respondent.

**QURAISHI, District Judge**

      This matter comes before the Court on an order issued by the Court of Appeals remanding this matter for a determination as to whether a certificate of appealability should issue as to Petitioner's pending appeal.  (ECF No. 11.)  By way of background, Petitioner filed his successive motion to vacate sentence in this matter without seeking leave of the Court of Appeals on December 19, 2025.  (ECF No. 1.)  On January 7, 2026, this Court dismissed that motion for lack of jurisdiction under 28 U.S.C. § 2255(h) as this Court had denied two prior motions to vacate sentence on the merits and Petitioner had not obtained leave from the Court of Appeals before filing his most recent motion to vacate sentence.  (ECF Nos. 2-3.)  Petitioner thereafter filed a motion to vacate the dismissal of this matter (ECF No. 6), which this Court also denied.  (ECF No. 7.)  Petitioner filed a notice of appeal (ECF No. 9), and the Court of Appeals thereafter remanded this matter for a determination of whether a certificate of appealability should issue.  (ECF No. 11.)

      Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a

1

constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "When the district court denies a habeas [matter] on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the [petitioner's § 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner is denied a certificate of appealability because jurists of reason would not debate that this Court correctly dismissed Petitioner's habeas petition for lack of jurisdiction for the reasons expressed in this Court's prior two decisions in this matter. (*See* ECF Nos. 2, 7.) Petitioner's motion to vacate sentence is not adequate to deserve encouragement to proceed further, and the Court will therefore deny a certificate of appealability.

**IT IS THEREFORE** on this 14th day of April 2026,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order only; it is further

**ORDERED** that Petitioner is **DENIED** a certificate of appealability; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail and shall **CLOSE** the file.

_____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**

2

**UNITED STATES DISTRICT JUDGE**

3